UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATY STAPLETON,<br><br>                     Plaintiff,<br><br>       v.<br><br>NEW YORK CITY DEPARTMENT OF<br>EDUCATION, et al.,<br><br>                    Defendants. | 22 Civ. 9351 (DEH) (SDA)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

       Plaintiff Katy Stapleton bring various federal and state law claims against her employer, the New York City Department of Education ("DOE"), and her coworkers Juan Villar, Marilyn Ramirez, Sofia Russo, Elizabeth Payero, Randall Chenevert, and Bienvenida Galvez (collectively, "Defendants"). In substance, Plaintiff claims that she suffered unlawful retaliation for her advocacy as the United Federation of Teachers ("UFT") Chapter Leader at her school, and for the needs of disabled students. *See generally* Compl. ECF No. 1. Before the Court is the April 18, 2024 Report and Recommendation (the "Report" or "R&R") issued by Magistrate Judge Aaron recommending that Defendants' motion to dismiss be granted in its entirety, and that Plaintiff be granted leave to amend. *See* R&R, ECF No. 60. For the reasons stated below, the well-reasoned Report and Recommendation is **ADOPTED IN FULL**.

## BACKGROUND

       Familiarity with the factual background and relevant procedural history of this case as set out in Magistrate Judge Aaron's Report is assumed. *See generally* R&R 2-8.

       This action is assigned to Magistrate Judge Aaron for general pretrial supervision and for dispositive motions. *See* ECF No. 58. On November 20, 2023, Defendants filed a motion to dismiss the First Amended Complaint ("FAC"). *See* ECF No. 53. On April 18, 2024, Magistrate

Judge Aaron issued a Report and Recommendation addressing the pending motion to dismiss. *See* R&R.  On May 2, 2024, Plaintiff filed her Objections to the Report.  *See* Pl.'s Obj., ECF No. 61.  On May 31, 2024, Defendants filed their Memorandum of Law in Opposition to Plaintiff's Objections.  *See* Defs.' Opp'n, ECF No. 66.  After reviewing the Report, the Plaintiff's Objections, and Defendants' oppositions, the Court adopts the Report and Recommendation in its entirety.

## LEGAL STANDARDS

When reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1]  28 U.S.C. § 636(b)(1)(C).  For dispositive matters, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ. P. 72(b)(3).  For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."  *Miller v. Brightstar Asia, Ltd*., 43 F.4th 112, 120 n.4 (2d Cir. 2022).

When a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke *de novo* review."  *Owusu v. N.Y. State Ins*., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009).  Accordingly, when a court is considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear error."  *Id.*; *see also Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

July 21, 2008) ("To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error . . . . [N]o party [should] be allowed a 'second bite at the apple' by simply relitigating a prior argument."); *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that if the district court engaged with objections that are "general and conclusory and [this] would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal'").

## DISCUSSION

Plaintiff objects to the Report on the following grounds: (1) the Report did not "address[] the requirements of modern American pleading," Pl.'s Obj. 3; (2) the Report gave "credence to Plaintiff's plausible claims while simultaneously throwing her under the bus," *id.* at 4; (3) Plaintiff properly pled a *Monell* claim, *see id.* at 6; (4) Plaintiff raises new claims—namely, for discrimination based on caregiver status, and for aiding and abetting liability, *see id.* at 8-11; (5) the Report erroneously determined there is a notice of claim issue; *see id.* at 6-8; and (6) the Report's Leave to Amend instructions are too restrictive, *see id.* at 11-12.  In turn, the Court considers each of Plaintiff's objections.

First, Plaintiff argues that the Report adopted a "summary judgement adjudication" and failed to address[] the requirements of modern American pleading."  Pl.'s Obj. 3.  But the Report explicitly cites to and properly applies Rule 12(b)(6).  *See* R&R 8.  While Plaintiff alleges that the R&R "does not cite a single case to support heightened pleading in claims," Pl.'s Obj. 4, the Report does not apply a heightened pleading standard and explicitly relies on the standard pleading requirements under the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See* R&R 8.

Second, Plaintiff contends that the Report gave "credence to Plaintiff's plausible claims while simultaneously throwing her under the bus." Pl.'s Obj. 4. Plaintiff argues that the Report includes "contradictory citations," that are "*hidden* as footnotes." *Id.* at 5-6 (emphasis in original). Upon careful review of the Report, the Court determines that the citations are neither contradictory, nor are they "hidden." *Id.*; *see* R&R 19-23. The Report accurately set forth the four elements necessary to establish a retaliation claim under the Rehabilitation Act, and applied them transparently and correctly. *See* R&R 19-23 (citing *Volpe v. N.Y.C. Dep't of Educ.*, 195 F. Supp. 3d 582, 595 (S.D.N.Y. 2016)). As to the Report's footnotes, the Court finds nothing erroneous in them. For instance, the Report acknowledged in a footnote that advocating for special education students *may* be a protected activity to satisfy the second prong, *id.* at 21 n.11; however, Plaintiff's claim ultimately failed because she did not establish the fourth prong, *id.* at 22. Specifically, the Report noted there was no causal connection between this activity and adverse employment actions because "[m]ore than five years passed between the beginning of her tenure as [UFT] Chapter Leader and the alleged adverse actions in November 2019." *Id.*

Plaintiff also alleges that the Report is "legally insufficient," Pl.'s Obj. 5, and cites to the Report, which states that "[b]ecause Defendants address only the second subquestion of whether Plaintiff's speech was a matter of public concern . . . the Court will assume for its analysis that the first subquestion has been satisfied." R&R 10. Here, the Court merely chose to focus on the elements where the parties disagree, as it hardly makes sense to rehash the first prong where the parties do not dispute whether Plaintiff's speech was a matter of public concern.

Third, Plaintiff argues that she properly pled a *Monell* claim and that "Monell claims are traditionally allowed to proceed to discovery in this district." Pl.'s Obj. 6. Plaintiff does not provide citations to support her argument or specific objections to the Report's analysis of

4

Plaintiff's First Amendment claims.  Because Plaintiff "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney*, 2008 WL 2811816, at *1.  The Court has carefully reviewed the Report, and does not find any error, clear or otherwise, with the Report's recommendation to dismiss the First Amendment claims.

Fourth, Plaintiff raises essentially new claims that were not pled, and makes new arguments about them that were not before Magistrate Judge Aaron—i.e., that Plaintiff suffered from discrimination based on caregiver status in violation of the City and State Human Rights Laws, and that claims for liability based on aiding and abetting are also plausible here.  *See* Pl.'s Obj. 8.  These are new arguments that Plaintiff had not previously raised before the Magistrate Judge.  *See generally* FAC, ECF No. 48.  Courts in this District have noted that "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see Piligian v. Icahn Sch. of Med.*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all").  Accordingly, the Court does not consider Plaintiff's newly raised arguments.

Fifth, Plaintiff states that she "properly served a notice of claims and the [Report] is in error," because it purportedly determined that there is a notice of claim issue.  *See* Pl.'s Obj. 7-8.  But the Report did not determine that there is a notice of claim issue; in fact, it did the opposite, acknowledging that the Parties "do not dispute . . . that she filed the required Notice of Claim." R&R 27 n.15.  Plaintiff appears to take issue with the Report's holding that there is no individual

liability under Title VII.  Still, the Report did not make this determination based on a notice of claim issue.  *See id.* at 24-27, 31.  Plaintiff is "merely re-assert[ing] arguments already submitted to the Magistrate Judge," so the Court reviews this portion of the Report for clear error.  *Owusu*, 655 F. Supp. 2d at 313.  Applying that standard, the Court determines that the Report properly considered the issue of the Individual Defendants' liability.  R&R 24 (citing arguments raised in the briefs).  The Court does not find any clear error with the Report's dismissal of the Title VII claims against individual defendants.

Finally, Plaintiff asserts that the Report's instructions on leave to amend are too restrictive.  Plaintiff, however, does not specify how or in what way the Report is restrictive, simply arguing that she "would like to explore her existing claims to the fullest degree."  Pl.'s Obj. 12.  Plaintiff again makes a "conclusory or general objection[]," *Pinkney*, 2008 WL 2811816 at *1, so the Court reviews for clear error.  Here, the Court does not find any error with the Report's instructions on leave to amend.

The Court has reviewed the entire Report and Recommendation, including those remaining portions to which Plaintiff did not properly object, which are also subject to clear error review.[2]  The Court finds no error, clear or otherwise, in the Report's discussion of the remaining issues, and accordingly, they are adopted.

---

[2] *See Miller*, 43 F.4th at 120 n.4.

**CONCLUSION**

For the reasons given above, the Report and Recommendation is **ADOPTED IN FULL.**

Plaintiff shall file her Second Amended Complaint, consistent with the Report's discussion, *see*

R&R 30-31, within **three weeks of this Order**.

The Clerk of Court is respectfully requested to terminate ECF No. 53.

SO ORDERED.

Dated: September 13, 2024
       New York, New York

_____
            DALE E. HO
     United States District Judge